IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SERGIO SANCHEZ AYALA,

           Plaintiff,

    v.

JASPAL DHALIWAL, M.D., UNITED
STATES of AMERICA, and DOES 1-50,

           Defendants.

No. 03:12-cv-00578-HZ

OPINION & ORDER

Sergio Sanchez Ayala, Pro Se
12838-097
Adams County Correctional Center
P.O. Box 1600
Washington, MS 39190

    Attorney for Plaintiff

Kevin C. Danielson
U.S. Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Attorney for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff is a federal prisoner who was housed at FCI Sheridan, but is currently incarcerated in Mississippi. On July 30, 2009, Plaintiff was treated by Defendant Dr. Dhaliwal, a staff doctor at FCI Sheridan. Plaintiff alleges that Dr. Dhaliwal caressed and fondled Plaintiff's genitals for the purpose of sexual gratification. Plaintiff alleges that he demanded Dr. Dhaliwal to stop touching him and complained to FCI Sheridan staff. Defendants, Does 1-50, allegedly harassed Plaintiff for complaining about Dr. Dhaliwal. Plaintiff further alleges that he was offered benefits, such as unmonitored phones calls, for not pursuing a claim against Dr. Dhaliwal and the Bureau of Prisons.

Plaintiff brings five claims[1] against Defendants: (1) violation of his Eighth Amendment due to Defendants' indifference to the possibility of sexual abuse, (2) violation of his Eighth Amendment due to sexual abuse that occurred under Defendants' supervision, (3) violation of his First Amendment by punishing him for complaining of the sexual abuse, (4) assault and battery, and (5) intentional infliction of emotional distress.[2]

Defendant Dr. Jaspal Dhaliwal moves to dismiss for failure to state a claim [#25] and Defendant United States moves to dismiss for failure to state a claim and for lack of jurisdiction [#27]. I grant Dr. Dhaliwal's motion and I grant in part the United States' motion.

## STANDARDS

I.    Failure to State a Claim

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual

---

[1] Plaintiff alleges a sixth cause of action for damages. A request for damages is not a claim for relief. To the extent that Plaintiff is asserting damages as a claim, claim six is dismissed.
[2] Plaintiff had pled "intentional/reckless" infliction of emotional distress. However, "there is no cognizable claim for the reckless infliction of emotional distress under the laws of the State of Oregon." Snead v. Metropolitan Prop. & Cas. Ins. Co., 909 F. Supp. 775, 779 (D. Or. 1996).

2 - OPINION & ORDER

allegations to state a facially plausible claim for relief. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012). However, the court need not accept conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

II.     Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction to adjudicate the claims. Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. Scott v.

3 - OPINION & ORDER

Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, a court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

## DISCUSSION

I.  Defendant Dhaliwal's Motion to Dismiss

Plaintiff sues Dr. Dhaliwal in his official and personal capacity. Compl. ¶ 2. A plaintiff cannot state a claim against a federal officer in his official capacity unless the United States waives its sovereign immunity. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1988) (Bivens claim "can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity."). Accordingly, I construe Plaintiff's claims as being brought against Dr. Dhaliwal in his individual capacity only.

For all five claims, Defendant argues that Plaintiff did not file his complaint before the statute of limitations had expired, and thus, Plaintiff has failed to state any claim upon which relief may be granted. A motion to dismiss based on statute of limitations grounds will be granted "if the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010). Plaintiff's claims against Dr. Dhaliwal are brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) and state law. I will discuss the statute of limitations for each type of claim separately.

/ / /

4 - OPINION & ORDER

A.  Bivens Claims

In claims one, two, and three, Plaintiff alleges that Defendant violated his First and Eighth Amendment rights. These three claims are brought pursuant to Bivens. Id. A Bivens action may only be brought against the responsible federal official in his individual capacity. Starr v. Baca, 652 F.3d 1202, 1206 (9th Cir. 2011). Bivens does not authorize an action against the government or its agencies for monetary relief. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471 (1994).

A prisoner is required to exhaust all administrative remedies before filing an action that concerns prison conditions. 42 U.S.C. § 1997e(a). "[F]ederal prisoners suing under [Bivens], must first exhaust inmate grievance procedures" before filing suit. Porter v. Nussle, 534 U.S. 516, 524 (2002). "Although federal law determines when a Bivens claim accrues, the law of the forum state determines the statute of limitations for such a claim." Papa v. United States, 281 F.3d 1004, 1009 (9th Cir. 2002). Under Oregon law, a two-year limitations period controls Plaintiff's claims. Or. Rev. Stat. § 12.110. "[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir. 2004) (quoting TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999) (alteration in original). The statute of limitations is tolled until the administrative remedies have been exhausted. Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

Defendant argues that the statute of limitations has expired, even after tolling for the time that Plaintiff spent to exhaust his administrative remedies. Defendant is correct. Plaintiff attached four letters to his complaint to show that he had exhausted his administrative remedies.[3] Compl. Exs. 1-4. Plaintiff alleges that he exhausted his administrative remedies on October 19,

---

[3] The exhibits are attached to, and referenced in, Plaintiff's complaint, so it may be considered under a Rule 12(b)(6) standard.

2011 and references Exhibit 1.  Compl. ¶ 22.  However, Exhibit 1 is a letter regarding Plaintiff's deadline to bring his *FTCA claims*, not his <u>Bivens</u> *claims*.  Compl. Ex. 1 ("This is in response to the administrative claim submitted…under the provisions of the Federal Tort Claims Act[.]").

The exhibits show that Plaintiff exhausted his administrative remedies on March 9, 2010.  Compl. Exs. 2-4.  In response to his complaint about Dr. Dhaliwal, Plaintiff received a response from the FCI Sheridan Warden's Office on August 11, 2009.  Compl. Ex. 4.  The warden stated that Plaintiff could appeal to the Western Regional Director's office if he was dissatisfied with the response.  <u>Id.</u>  Plaintiff appealed and received a response from the Bureau of Prisons' regional office on November 17, 2009.  Compl. Ex. 3.  If dissatisfied with the response, the letter stated that Plaintiff could appeal to the General Counsel at the Bureau of Prisons' national office in Washington D.C.  <u>Id.</u>  Plaintiff did appeal, and received a response from the National Inmate Appeals Administrator on March 9, 2010.  Compl. Ex. 2.  This final letter from national administrator ended the administrative review of Plaintiff's complaint regarding Dr. Dhaliwal.  Unlike the responses in August and November 2009, the March 2010 letter did not contain instructions on how to appeal if Plaintiff was dissatisfied with the response.  <u>Id.</u>

Plaintiff alleges that Dr. Dhaliwal inappropriately touched him on July 30, 2009.  The statute of limitations was tolled while Plaintiff exhausted his administrative remedies.  For the sake of argument, I will assume that the statute of limitations was tolled on the day of the event, July 30, 2009, until March 9, 2010—the date of the final decision from the Bureau of Prisons' national office.  Assuming this best case scenario for Plaintiff, the statute of limitations for his <u>Bivens</u> claims expired on March 9, 2012.  Plaintiff filed his <u>Bivens</u> claims on April 4, 2012, almost a month after the statute of limitations had expired.  Therefore, Plaintiff has failed to state

a claim upon which relief may be granted.  Defendant's motion to dismiss is granted on Plaintiff's Bivens claims (claims one, two, and three).

      B.      State Law Claims

Plaintiff's fourth and fifth claims are based on state law.  In claim four, Plaintiff alleges assault and battery by Dr. Dhaliwal.  Compl. ¶¶ 44-46.  In claim five, Plaintiff alleges intentional or reckless infliction of emotional distress.  Id. at ¶¶ 47-50.  The court has supplemental jurisdiction over these state law claims.  28 U.S.C. § 1367.  Defendant argues that the statute of limitations has expired for both of these claims.  Defendant is correct.

The statute of limitations is two years for assault and battery and intentional infliction of emotional distress.  ORS § 12.110 ("An action for assault, battery…or for any injury to the person or rights of another, not arising on contract…shall be commenced within two years[.]").  Unlike Plaintiff's Bivens claims, these state law claims are not subject to the exhaustion requirement that is required for claims based on federal law.  42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under…(*42 U.S.C. 1983*), or *any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") (emphasis added).  Therefore, the statute of limitations is calculated from the date of the incident, July 30, 2009.  With a two-year statute of limitations, Plaintiff's claims are timely if he filed suit before July 30, 2011.  Plaintiff filed his complaint over eight months later on April 4, 2012.  Therefore, Plaintiff has failed to state a claim upon which relief may be granted.  Defendant's motion to dismiss is granted for Plaintiff's state law claims (claims four and five).

/ / /

/ / /

7 - OPINION & ORDER

II.      Defendant United States' Motion to Dismiss

Plaintiff alleges the same five claims against the United States under Bivens and the Federal Tort Claims Act.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  Regarding Plaintiff's Bivens claims, there has not been a waiver of sovereign immunity, and thus, this court lacks jurisdiction over the United States.  Consejo De Desarrollo Economico De Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007); see also Clemente v. United States, 766 F.2d 1358, 1363 (9th Cir. 1985) ("We cannot accept the district court's proposition that Bivens and Owen logically compel the United States to be held liable in damages for the constitutional torts of its officers.").  Defendant United States' motion is granted for the Bivens claims (claims one, two, and three).

Defendant also raises sovereign immunity against Plaintiff's state law tort claims.  Through the Federal Tort Claims Act, the United States has waived its sovereign immunity "for certain torts committed by federal employees."  FDIC, 510 U.S. at 475.  However, the United States retained its sovereign immunity for "[a]ny claim arising out of assault, [or] battery[.]"  28 U.S.C. § 2680; see also Xue Lu v. Powell, 621 F.3d 944, 950 (9th Cir. 2010).  Therefore, Plaintiff's assault and battery claim is barred and Defendant United States' motion is granted for this claim.

Regarding Plaintiff's claim for intentional infliction of emotional distress, Defendant argues that this claim is barred because Plaintiff has failed to allege any physical injury.  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  "The requisite physical injury must be more than *de*

*minimis* for purposes of § 1997e(e)[.]" Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002). In Oliver, the court held that a painful canker sore and back and leg pain did not meet the *de minimis* standard for physical injury. Id. at 629.

Defendant argues that Plaintiff has failed to allege any physical injury, and thus, the claim for intentional infliction of emotional distress must be dismissed. Plaintiff alleges that he suffers from nausea, headaches, insomnia, chest pain, and heart palpitations as a result of the unwanted sexual touching by Dr. Dhaliwal. Compl. ¶¶ 48-49. "Physical pain, standing alone, is a de minimis injury that may be characterized as a mental or emotional injury and, accordingly, fails to overcome the PLRA's bar; but, when paired with allegations of physical effects, physical pain may support a claim under the PLRA." Calderon v. Foster, No. 5:05-cv-00696, 2007 U.S. Dist. LEXIS 24505, at *27 (S.D. W. Va. Mar. 30, 2007) (at summary judgment, court found that chest pains requiring minimal medical attention were *de minimis*). There are no allegations that Plaintiff sought or required medical attention to indicate the seriousness or duration of his injuries. However, these allegations meet the requirement that Plaintiff must allege more than a *de minimis* physical injury before suing for mental or emotional injury. Defendant United States' motion to dismiss Plaintiff's intentional infliction of emotional distress claim is denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CONCLUSION

Based on the foregoing, Defendant Dhaliwal's motion to dismiss [#25] is granted and Defendant's United States' motion to dismiss [#27] is granted and denied in part. Plaintiff's claims against Defendant United States are dismissed with the exception of the claim for intentional infliction of emotional distress.

IT IS SO ORDERED.

Dated this \_\_11\_\_ day of March, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge